1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  LUCILLE GONZALES MEIS, SBN CO 15153
   Regional Chief Counsel, Region IX
3  ELIZABETH FIRER, SBN WI 1034148
   Special Assistant United States Attorney
4
5      333 Market Street, Suite 1500
       San Francisco, California 94105
6      Telephone: (415) 977-8937
       Facsimile: (415) 744-0134
7      Email: Elizabeth.Firer@ssa.gov

8  Attorneys for Defendant

9              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
10                 OAKLAND DIVISION

11 JOHN B. PIROG,                    )
                                     )  CIVIL NO.  C-08-2094 WHA
12             Plaintiff,            )
                                     )  DEFENDANT'S MEMORANDUM IN
13      v.                           )  SUPPORT OF MOTION TO DISMISS UNDER
                                     )  FED.R.CIV.P. 12(b)(1) FOR LACK OF
14 MICHAEL J. ASTRUE,                )  JURISDICTION
   Commissioner of                  )
15 Social Security,                  )
                                     )
16             Defendant.            )
   _____)

17

                        I. INTRODUCTION
18
        The above-captioned Social Security action is covered by Civil L.R. 16-5, and as such, it is
19
   submitted on the papers without oral argument.
20
                           II. ISSUE
21
        Whether this Court should dismiss Plaintiff's claim under Fed.R.Civ.P 12(b)(1), lack of
22
   jurisdiction, because Plaintiff is not contesting a final Agency action subject to judicial review.
23
                    III. STATEMENT OF THE CASE
24
        In June 2000, Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and
25
   Supplemental Security Income (SSI) under titles II and XVI of the Social Security Act (Declaration of
26
   Dennis V. Ford with attached Exhibits 1-3, Declaration at 3, ¶ (5)(a)) (hereinafter "Declaration" or
27
   "Exhibit _").  The Commissioner notes that the Declaration was prepared in conjunction with another
28
   complaint Plaintiff filed in federal court on the same day he filed the complaint in the instant case; the

other case is numbered C-08-2093 EDL. The Commissioner asserts that, since there was only one administrative hearing in this case, the information contained in the Declaration and the attached Exhibits are applicable to this matter as well as case number C-08-2093. The Commissioner has attached the motion to dismiss filed in case number C-08-2093 as Exhibit 4.

Plaintiffs DIB and SSI applications were denied initially and upon reconsideration in June and August 2000 and no further appeal was taken on either application (Declaration at 3, ¶ (5)(a).

On November 19, 2003, Plaintiff filed subsequent applications for DIB and SSI (Declaration at 3-4, ¶ (5)(b)). Plaintiff alleged disability since December 20, 1999 (Exhibit 1 at 7-8).

Plaintiff's subsequent applications were ultimately granted by an Administrative Law Judge (ALJ) in an order issued September 23, 2005 (Declaration at 4, ¶ (5)(b); Exhibit 1 at 1-3, 7-12). In his order, the ALJ reopened Plaintiff's prior DIB application, but he did not reopen Plaintiff's prior SSI claim (Declaration at 4, ¶ (5)(b); Exhibit 1 at 7-8, 12; Exhibit 3 at 2). The notice of decision included in the ALJ's order advised Plaintiff that, if he disagreed with the decision, he must file a request for review within 60 days of the date he received the decision (Declaration at 4, ¶ (5)(b); Exhibit 1 at 1-2). Also included in the ALJ's notice and decision was the fee agreement between Plaintiff and his attorney Richard A. Whitaker, which Plaintiff singed in June 2008 (Exhibit 1 at 5-6).

Plaintiff did not file a request for Appeals Council review of the ALJ's decision until December 13, 2005 (Declaration at 4, ¶ (5)(c); Exhibit 2).

On February 26, 2008, the Appeals Council dismissed Plaintiff's request for review (Declaration at 4, ¶ (5)d); Exhibit 3). In its notice of dismissal, the Appeals Council advised Plaintiff that its action was "not subject to further review" (Exhibit 3 at 1). The Appeals Council also explained that Plaintiff's request for review was "actually a request for reopening of a prior [SSI] denial" (Exhibit 3 at 2; see also Exhibit 2). The Appeals Council also asserted that Plaintiff "does not have the right to appeal our denial of his request for reopening" (Exhibit 3 at 3).

On April 22, 2008, Plaintiff filed the instant action in federal district court alleging he was seeking review of "Atty. Fee Readjustment" (Complaint at 2).

On the same day, Plaintiff filed another complaint in federal court, case number C-08-2093 EDL,

1   alleging he was seeking review of a claim for "SSI (March 2000 to Nov 19, 03") (Declaration at 4, ¶

2   (5)(e)); Exhibit 5).

3   IV. ARGUMENT

4       Because Plaintiff has not received a final, agency decision subject to judicial review, his complaint

5   must be dismissed under Fed.R.Civ.P 12(b)1.  Plaintiff asserts that he is seeking judicial review for a

6   fee adjustment, but there is no evidence Plaintiff or his attorney have been granted the type of fees that

7   are subject to judicial oversight.

8       **Fees awarded for work performed at the administrative level are not final agency actions**
        **subject to judicial review and there is no evidence Plaintiff or his attorney have received any**
9       **other type of fees.**

10      It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to

11  be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to

12  entertain the suit.'"  Hercules Inc. v. United States, 516 U.S. 417, 422 (1996) (quoting United States v.

13  Testan, 424 U.S. 392, 399 (1976), and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

14  Conditions on the waiver of sovereign immunity must be strictly construed in favor of immunity.  Lane

15  v. Pena, 518 U.S. 187, 192 (1996); Bowen v. City of New York, 476 U.S. 467, 479 (1986).

16      Judicial review of the final decisions on claims arising under Titles II and XVI of the Social

17  Security Act is provided for and limited by sections 205(g) and (h):

18      (g) Any individual, after any final decision of the Commissioner of Social Security made after a
        hearing to which he was a party, irrespective of the amount in controversy, may obtain a review
19      of such decision by a civil action commenced within sixty days after the mailing to him of notice
        of such decision or within such further time as the Commissioner of Social Security may allow.
20
        * * *
21
        (h) The findings and decision of the Commissioner of Social Security after a hearing shall be
22      binding upon all individuals who were parties to such hearing.  No findings of fact or decision of
        the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental
23      agency except as herein provided.  No action against the United States, the Commissioner of
        Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346
24      of Title 28 to recover on many claims arising under this title.

25  42 U.S.C. §§ 405(g) and (h) (emphasis added); see also 42 U.S.C. § 1383(c)(3) (applying Title II review

26  process to Title XVI).  It is clear from these provisions of the Social Security Act that the only civil

27  action permitted on any claim arising under Titles II and XVI is an action to review the "final decision of

28  the [Commissioner] made after a hearing."  Califano v. Sanders, 430 U.S. 99, 108 (1977).  Under the

Act, the authority to determine what constitutes a "final decision" rests with the Commissioner since he has ultimate responsibility for the integrity of the administrative program. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330 (1976).

The Act and the Commissioner's implementing regulations provide the procedural framework for seeking administrative and judicial review of disability claims. Congress has directed that the determination whether an individual is under a disability shall be made in the first instance by a State agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner. 42 U.S.C. §§ 421(a), 1383b(a). If the State agency determines that the claimant is not disabled, he may request a de novo reconsideration by the State agency. The claimant is informed that he must request reconsideration within 60 days of his receipt of the adverse initial determination, 20 C.F.R. §§ 404.904, 404.909(a)(1), 416.1404, 416.1409(a)(1), and that determination becomes binding upon him if he does not do so. 20 C.F.R. §§ 404.905, 416.1405. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. <u>See</u> 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

If the claimant is dissatisfied with the State agency's decision after reconsideration, he "shall be entitled to a hearing thereon by the Commissioner of Social Security." 42 U.S.C. §§ 421(d), 1383(c)(1). The Social Security Act requires, and the claimant is notified, that he must request a hearing before an ALJ within 60 days of his receipt of the State agency's reconsideration decision. 42 U.S.C. §§ 405(b)(1), 1381(c)(1). The latter decision is binding upon the claimant if he does not timely request an ALJ hearing. 20 C.F.R. §§ 404.920, 404.921(a), 404.933(b), 416.1420, 416.1421(a), 416.1433(b). If the ALJ's decision is adverse to the claimant, he then may seek review by the Appeals Council. If a claimant does not request such review within 60 days, the adverse ALJ decision is binding. 20 C.F.R. §§ 404.955(a), 404.968(a)(1), 416.1455(a), 416.1468(a)(1). The claimant is informed that he must seek Appeals Council review within 60 days. It is only after the Appeals Council has denied review, or has granted review and issued its own decision, that the Commissioner has rendered a "final decision" on the claim for benefits, which then is subject to judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). If the Appeals Council dismisses a request for review as untimely, that dismissal is "binding and not subject to further review." 20 C.F.R. §§ 404.972, 416.1472.

The Commissioner has expressly set forth administrative actions that are not initial determinations subject to the administrative process outlined above. Consequently, "they are not subject to judicial review." 20 C.F.R. §§ 404.903, 416.1403. Notably, "[d]etermining the fee that may be charged or received by a person who has represented you in connection with a proceeding before [the Agency]" is not an administrative action subject to judicial review, 20 C.F.R. §§ 404.903(f), 416.1403(f).

Plaintiff asserts that he wants the Court to review a fee request (Complaint at 2). In disability claims, the only type of fees a court may review are fees for work performed before it. These types of fees are available under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 or under sections 206(b) and 1683(d)(2)(A) of the Social Security Act codified at 42 U.S.C. §§ 406(b) and 1383(d)(2)(A). Under either of these statutory schemes, a fee petition must be filed in district court. As set forth above, fees paid out for administrative work performed before the Agency is an administrative action that is not subject to judicial review. 20 C.F.R. §§ 404.903(f), 416.1403(f). These are fees paid out under sections 206(a) and 1631(d)(2)(A) of the Social Security Act, codified at 42 U.S.C. § 406(a) and 1383(d)(2)(A). Consequently, no petition for fees under this scheme need be filed in federal court. There has been no fee petition under the EAJA or under 42 U.S.C. §§ 406(b) or 1383(d)(2)(A). As fees are the only matter for review Plaintiff has set forth in his complaint, his complaint must be dismissed for lack of jurisdiction.

To the extent Plaintiff's complaint might be construed as a request for judicial review of the ALJ's decision, the Commissioner notes that Plaintiff appeared to have sought review of that decision in case number C-08-2093 EDL, not the instant case. The Commissioner refers the Court to Exhibits 4 and 5 for an explanation as to why Plaintiff's failure to timely seek Appeals Council review signifies that he has not received a final Agency action and why he is precluded from judicial review on that front as well.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.  <u>CONCLUSION</u>

Because Plaintiff's complaint refers only to a matter upon which judicial review is precluded, the Commissioner respectfully requests that his motion to dismiss be granted.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:  August 4, 2008        By    */s/Elizabeth Firer*
ELIZABETH FIRER
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN B. PIROG                         )
                                      )
                                      )
                                      )
              Plaintiff               )
                                      )
vs.                                   )        CIVIL ACTION NO. C-08-2093-EDL
                                      )
                                      )
MICHAEL J. ASTRUE                     )
COMMISSIONER OF                       )
SOCIAL SECURITY                       )
                                      )
                                      )
              Defendant               )
                                      )
                                      )

DECLARATION OF DENNIS V. FORD
COURT CASE PREPARATION AND REVIEW BRANCH 1
OFFICE OF DISABILITY ADJUDICATION AND REVIEW
SOCIAL SECURITY ADMINISTRATION

I, DENNIS V. FORD, Acting Chief of Court Case Preparation and Review Branch 1 of

the Office of Appellate Operations, Office of Disability Adjudication and Review, Social

Security Administration, declare and state as follows:

(1)    Under direct delegation from the Commissioner of Social Security, the Office of

Disability Adjudication and Review administers a nationwide hearings and appeals program. The

Office of Disability Adjudication and Review includes the Appeals Council and Administrative

Law Judges who hold hearings on claims arising under Titles II and XVI of the Social Security

Act, as amended, when such hearing is duly requested by a claimant who is dissatisfied with the

JOHN B. PIROG (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)                                    Page 2 of 4

administrative determination of a claim. The Office of Appellate Operations provides

professional and technical advice to the Deputy Commissioner and Administrative Appeals

Judges of the Appeals Council in the processing of cases in which a civil action has been filed.

    (2)    One function of the Appeals Council is to act on requests for review of hearing

decisions made by Administrative Law Judges and to either grant, deny or dismiss any such

request. Under the regulations of the Social Security Administration, if the Appeals Council

denies a timely request for review of a hearing decision, that hearing decision becomes the "final

decision" within the meaning of, and subject to, the provisions for judicial review in section

205(g) of the Social Security Act, as amended (42 U.S.C. section 405(g)), the first sentence of

which reads as follows:

> "Any individual, after any final decision of the Commissioner made after a
> hearing to which he was a party, irrespective of the amount in controversy, may
> obtain a review of such decision by a civil action commenced within sixty days
> after the mailing to him of notice of such decision or within such further time as
> the Commissioner may allow.***"

    (3)    Social Security Administration regulations Nos. 4 and 16, sections 404.988 and

416.1488 (20 CFR 404.988 and 416.1488), as pertinent herein, provide as follows:

> "A determination, revised determination, decision or revised decision may be reopened –
>
> (a) Within 12 months of the date of the notice of the initial determination, for any
> reason;
>
> (b) Within four years of the date of the notice of the initial determination if we
> find good cause, as defined in section 404.989, to reopen the case;***"

In defining "good cause," sections 404.989 and 416.1489 of Regulations Nos. 4 and 16 (20 CFR

404.989 and 416.1489), as pertinent herein, provide:

> "(a) We will find that there is good cause to reopen a determination or decision if –

JOHN B. PIROG (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)                              Page 3 of 4

(1) New and material evidence is furnished;

(2) A clerical error in the computation of recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made."

Sections 404.903 and 416.1403 of Regulations Nos. 4 and 16 (20 CFR 404.903 and 416.1403) further provides, in pertinent part:

"Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions include, but are not limited to, an action –

(1) Denying your request to reopen a determination or a decision;***"

(5)     I am responsible for the processing of claims under Titles II and XVI of the Social Security Act, as amended, whenever a civil action has been filed in the State of California (see 53 Fed. Reg. 29,778 (1988)).  The official file maintained by the Office of Disability Adjudication and Review relating to the claim of the plaintiff, JOHN B. PIROG, under Titles II and XVI of the Social Security Act, is presently within my custody and has been examined under my supervision.  To the best of my knowledge and belief said file shows that:

(a)     The plaintiff filed applications for Title II and Title XVI benefits in March 2000, which were denied in initial determinations in June 2000, and in reconsidered determinations in August 2000.  No further appeal was filed on those applications.

(b)     On November 19, 2003, the plaintiff filed subsequent applications for

JOHN B. PIROG (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)                                    Page 4 of 4

Title II and Title XVI benefits.  On September 23, 2005, an Administrative Law Judge issued a

favorable decision on the plaintiff's applications (Exhibit 1).  In the decision, the Administrative

Law Judge reopened the determination on the plaintiff's prior Title II application of March 2000,

noting that it was within the four year period for reopening for good cause.  The Administrative

Law Judge did not reopen the determination on the plaintiff's prior Title XVI application.  The

notice of decision advised the plaintiff that if he disagreed with any aspect of the decision, he

must file a request for review within 60 days from the date he received the decision.


    (c)    On  December 13, 2005, the plaintiff filed a request for review (Exhibit 2).


    (d)    By notice dated February 26, 2008, the Appeals Council dismissed the

plaintiff's request for review (Exhibit 3).


    (e)    On April 22, 2008, the plaintiff filed a civil action in the United States

District Court for the Northern District of California.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.


   __MAY 2 0 2008__
   Date                                    DENNIS V. FORD

MAY-20-2008  23:12        SSA,ODAR,OAO,CAB 1                917036057501        P.07

**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
4040 Civic Center Drive
Suite 230
San Rafael, CA 94903
Date: SEP 2 3 2005

John B. Pirog
16 Ritter House
P.O. Box 3517
San Rafael, CA 94912

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How to File an Appeal

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.



See Next Page

John B. Pirog (480-60-39  )                                          Page 2 of 3

You may file your request at any local Social Security office or a hearing office. You may
also mail your request right to the **Appeals Council, Office of Hearings and Appeals,
5107 Leesburg Pike, Falls Church, VA 22041-3255.** Please put the Social Security number
shown above on any appeal you file.

## Time to File an Appeal

To file an appeal, you must file your request for review **within 60 days** from the date you get
this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless
you show you did not get it within the 5-day period. The Council will dismiss a late request
unless you show you had a good reason for not filing it on time.

## Time to Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider **with** your
request for review.

## How an Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review
a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III,
Part 404 (Subpart J) and Part 416 (Subpart N).

If you file an appeal, the Council will consider all of my decision, even the parts with which
you agree. The Council may review your case for any reason. It **will** review your case if one
of the reasons for review listed in our regulation exists. Section 404.970 and
Section 416.1470 of the regulation list these reasons.

Requesting review places the entire record of your case before the Council. Review can make
any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may
also send it back to an Administrative Law Judge for a new decision.

## If No Appeal and No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will
not have a right to court review. My decision will be a final decision that can be changed
only under special rules.

See Next Page

2

John B. Pirog (480-60-39⁰⁰)                                     Page 3 of 3

**If You Have Any Questions**

> If you have any questions, you may call, write or visit any Social Security office. If you visit
> an office, please bring this notice and decision with you. The telephone number of the local
> office that serves your area is (415) 459-9850. Its address is Social Security Administration,
> 1001 Lootens Place, 3rd Floor, San Rafael, CA  94901.



                                        James M. Kaplan
                                        U.S. Administrative Law Judge


cc:  Richard A. Whitaker, Esq.
     P.O. Box 48
     Fairfield, CA  94533

3

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### ORDER

**IN THE CASE OF**

John B. Pirog
_____
(Claimant)

_____
(Wage Earner)

**CLAIM FOR**

Period of Disability,
Disability Insurance Benefits, and
Supplemental Security Income
_____

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
_____
(Social Security Number)

I approve the fee agreement between the claimant and his representative subject to the condition that the claim results in past-due benefits.

My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

### HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION

You or your representative may ask us to review the determination on the fee agreement.  If you decide to ask us for a review, write us within 15 days from the day you get this order.  Tell us that you disagree and give your reasons.
Send your request to this address:

- G. Stephen Wright
  Regional Chief Administrative Law Judge
  555 Battery Street
  Fifth Floor
  San Francisco, CA 94111

Your representative also has 15 days to write us if he or she does not agree with the determination on the fee agreement.

You should include the social security number(s) shown on this order on any papers that you send us.

James M. Kaplan
U.S. Administrative Law Judge
SEP 2 3 2009
_____
Date

4

MAY-20-2008 23:12    SSA,ODAR,OAO,CAB 1    917036057501    P.11

# FEE AGREEMENT SUPPLEMENTAL SECURITY INCOME
## (Title XVI/ SSI Cases Only)

**COPY**

**ATTORNEY FEES:** I employ RICHARD A. WHITAKER, Attorney at Law, 301 Dickson Hill Road, Suite B, Fairfield, California 94533, to represent me before the Social Security Administration in my Supplemental Security Income case. If I win, I agree that my attorney's fees shall be either (a) twenty-five percent (25%) of all past-due benefits awarded to me and my family, or (b) the maximum amount set by the Commissioner of Social Security whichever is less. At this time the maximum amount of the fee allowable by the expedited fee agreement process is **$5,300.00.** I understand that the attorney fees depend on winning my case. **If I do not win benefits, then my the attorney gets no fee.** The services contemplated by this agreement include all administrative filings before the Social Security Administration, and include one hearing before an Administrative Law Judge, if necessary. Any services beyond the hearing before the Administrative Law Judge is subject to further agreement of the parties.

**PAYMENT OF ATTORNEY'S FEES:** The Social Security Administration, effective March 2, 2005, shall commence withholding attorney fees equal to 25% of the past due benefits after any reimbursements are made for local government assistance. However, in the event that Social Security fails to withhold said attorney fees, it is my obligation to pay to my attorney the amount approved by the Social Security Administration within 5 days of the receipt of the past due benefits by me or any representative payee acting on my behalf.

_____ (Initial)

5

MAY-20-2008  23:12          SSA,ODAR,OAO,CAB 1                917036057501    P.12



**EXPENSES:** In addition to the attorney's fees, I agree to pay my attorney for reasonable expenses that he pays in my case to obtain medical records and reports used in my case. I will get a bill for these expenses that show how and when my attorney spent the money. I agree to pay these expenses whether we win or lose my case. I will receive those records and reports after the conclusion of the case. My attorney will not spend more than $150.00 dollars without first consulting me.

**I HAVE NOT BEEN PROMISED THAT I WILL WIN:** My attorney promised that he will do his best to help me. He did not promise that I will win. I accept and approve this agreement at _Vally_ California on _June 8_ , 2005.

_Richard b. Whta_
Richard A. Whitaker,
Attorney at Law

_(signature)_
Claimant's signature

_John B. Pirog_
Printed Name

_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_
Social Security Number

FEE AGREEMENT
TITLE XVI (SSI) ONLY

6

148/7

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

## DECISION

**IN THE CASE OF**                          **CLAIM FOR**

Period of Disability,
Disability Insurance Benefits, and
Supplemental Security Income

John B. Pirog
(Claimant)

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

(Wage Earner)                               (Social Security Number)

Claimant filed applications for a period of disability and disability insurance benefits and for supplemental security income (SSI) under Titles II and XVI of the Social Security Act on November 19, 2003, alleging disability from December 20, 1999 due to a herniated disc of the lumbar spine, a torn left rotator cuff, and fatigue. Following initial and reconsideration denials of these applications, claimant filed a timely hearing request on December 7, 2004.

The general issues before me are whether claimant is entitled to a period of disability and disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, as amended, and whether claimant is disabled and eligible for SSI benefits under section 1614(a)(3)(A) of the Act. The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity (SGA) due to physical or mental impairment(s) that can be expected to either result in death or last for a continuous period of not less than 12 months.

The specific issues before me are whether claimant was under a disability and, if so, when such disability commenced, its duration and whether the disability insured status requirements of the Act are met for the purpose of entitlement to a period of disability and disability insurance benefits. Claimant met the disability insured status requirements of the Act on December 20, 1999 and continues to meet those requirements through September 30, 2003.

A hearing was held in San Rafael, California on July 13, 2005. Claimant appeared and testified. Claimant is represented by attorney Richard A. Whitaker. Also appearing but not testifying was Robert Raschke, M.A., a vocational expert.

Claimant filed a previous application for similar benefits on March 23, 2000, which was denied initially on June 7, 2000, without further pursuit of administrative remedies. As the initial determination is within the four-year period provided under the Commissioner's regulations at 20 C.F.R. § 404.987, it is subject to reopening and revision based on the current application and a finding of good cause. I find good cause exists to reopen the earlier determination on the basis of new and material evidence as discussed in this decision. See § 404.988(b). Having reviewed

7

the evidence, I conclude that claimant has been disabled since December 20, 1999, his alleged
onset date.

Claimant is a 44 year old individual with 16 years of education who has worked as a general laborer
and machine-operator during the last 15 relevant years. Applying the sequential evaluation process
set forth in 20 C.F.R. §§ 404.1520 and 416.920, I conclude that claimant has not performed
substantial gainful activity since December 20, 1999, his alleged onset date.

Claimant has a combination of impairments that is severe, including cervical disc disease,
lumbosacral spine disc disease, cervical and lumbar radiculopathies, history of rotator cuff tear, and
bipolar disorder, but primarily the former musculoskeletal impairments. 20 C.F.R. §§ 404.1523
and 416.923. The medical evidence fails, however, to support a finding that claimant's medically
severe impairments meet or equal any listed impairment in Appendix 1 to Subpart P of Social
Security Regulation No. 4. Listing 1.04A provides that a claimant will be found to be disabled if
he has a disorder of the spine, resulting in compromise of a nerve root or the spinal cord with
evidence of nerve root compression characterized by neuro-anatomic distribution of pain,
limitation of motion of the spine, motor loss, accompanied by sensory or reflex loss and, if there
is involvement of the lower back, positive straight-leg raising test (sitting and supine). Listing
1.04C provides that a claimant will be found to be disabled if he has lumbar spinal stenosis
resulting in pseudoclaudication, established by findings on appropriate medically acceptable
imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to
ambulate effectively. Claimant complained of pain in his spine. On examination, he had a
hobbling gait, diminished motion of the neck, shoulder, and lumbosacral regions, positive straight
leg raising on the right side on both the seated and supine positions, normal strength with giveaway
secondary to pain in the left shoulder, intact sensation, and 2 reflexes throughout. Exhibits 14F/3-
14F/5. Although his impairments meet elements of the requirements in Listing 1.04A and C, they
do not meet all of the prerequisites.

Since claimant's impairments do not meet or equal a listing, I must determine claimant's residual
functional capacity (RFC) to perform past relevant work or, in the alternative and considering his
vocational profile (age, education, and past work experience) and RFC, the ability to do other work
that exists in significant numbers in the national economy.

On December 22, 1999, a record from Marin General Hospital showed that claimant had chest wall
contusion, multiple contusions to his chest and abdomen, acute cervical strain, and acute back strain
and was a motor vehicle accident victim. He was advised to rest and apply moist, warm compresses
to the painful areas and was provided with Motrin and Vicodin. Exhibit 10F/11.

A June 6, 2000 report from Jeffrey L. Halbrecht, M.D., claimant's treating orthopedic surgeon,
disclosed that upon a magnetic resonance imaging (MRI) scan of claimant's shoulder, he had an
interarticular derangement. Dr. Halbrecht concluded that claimant would be off work at this time.
Exhibit 4F/1.

Brian T. Andrews, M.D., claimant's treating neurosurgeon, reported on September 8, 2001 that
claimant suffered from cervical and lumbar spinal pain as a result of the motor vehicle accident of
December 20, 1999. In Dr. Andrews' opinion, claimant's pain would be permanent, he would

*8*

John B. Pirog (480-60-399⁻ )                             ⌒       Page 3 of 6

require care from pain management physicians, including medications to control the pain to tolerable levels, and his condition would not spontaneously resolve or have a definitive cure. Dr. Andrews also believed that it was contraindicated for claimant to return to the occupation of a carpenter as such a job would aggravate claimant's pain and he was "disabled" from this occupation and would remain so into the future. Exhibit 27F/37.

On December 6, 2002, an MRI of the cervical spine revealed that claimant had a large left disk protrusion at C5-6 and degenerative disk disease at C6-7. In an MRI of the lumbar spine, there was degenerative disk disease. Exhibit 11F/2.

An August 4, 2003 report from Justin R. Glodowski, D.O., claimant's treating physician, corroborated that claimant had left C5-6 disk as well as degenerative disk disease and degenerative joint disease of the lumbar spine. Dr. Glodowski recommended that claimant be seen by a neurosurgeon and prescribed Flexeril and Vicodin. Exhibit 13F/10.

Kelly Nicholas, M.D., a neurological consultative examiner for the Social Security Administration, reported on May 8, 2004 that claimant sustained an injury to the cervical and lumbar spine. Dr. Kelly believed that claimant could lift 10 pounds occasionally or frequently, and would have difficulty with standing or walking for more than two hours and difficulty sitting for six hours or less during an eight-hour workday with freedom to alternate between sitting and standing, difficulty with frequent climbing, kneeling, stooping, balancing, crouching, crawling, pushing or pulling, and difficulty with frequent reaching with his left upper extremity. Exhibits 14F/5-14F/6.

On May 23, 2004, a report of a psychiatric consultative examination from Stefan Lampe, M.D. for the Social Security Administration, divulged that claimant had a bipolar disorder. Dr. Lampe concluded that due to his hypomanic state claimant could not relate with supervisors and coworkers, could understand, remember and carry out simple and technical instructions, might have difficulty with dealing with the public, could maintain concentration for two-hour increments, and could not withstand the stress of an eight-hour workday. Exhibits 15F/3-15F/4.

According to Steven H. Olson, M.D., claimant's treating physician, on June 15, 2004, claimant was "disabled" from gainful employment due to severe lumbar disc disease. Exhibit 27F/21.

Erik Schten, M.D., claimant's treating physician at Marin Community Clinic, reported on May 11, 2005 that claimant had cervical disc disease, lumbosacral spine disc disease, cervical and lumbar radiculopathies, history of rotator cuff tear, and multiple pain medication side effects. Dr. Schten referred claimant to University of California San Francisco Pain Clinic and Spine Clinic, prescribed Naproxen, and refilled Vicodin and Flexeril. Exhibit 28F/2.

Claimant testified that he is homeless, has lived in a travel trailer on a parking lot for five and one-half years, and lives alone. He stated that he last worked in January 2000 and has not looked for work since then. He related that in December 1999 he was in a motor vehicle accident with a drunk driver and State Farm Insurance paid for his treatment. According to claimant, his litigation was settled in 2002 for $85,000 and he received $46,000, repaid loans of $5,000, bought a car, lived on the rest, and has been on General Assistance since 2004. He said that he has had no surgeries, but had epidurals. He alleged that with respect to his left shoulder, he had so much pain in the low back

*9*

John B. Pirog (480-60-399⁻ )                                    Page 4 of 6

and neck he chose not to have shoulder surgery, and he used painkillers and had physical therapy, which did not help. He claimed that he is right handed, has right hand pain, and uses two painkillers to get out of bed; on a scale of 1 to 10, he rates his pain as a 4 or 5. He asserted that he has thoracic pain. He averred that he has lumbar pain, which is constant, and he rates his pain as an 8 to 9 with Vicodin. He stated that Oxycontin is stronger but he gets nauseous and takes it when his pain is really bad. He alleged that sitting aggravates his pain, and walking is painful but if he keeps walking, he gets numbness of the back and a lot of pain. He related that there are no days when he is without his pain medications. He claimed that he has a mental impairment and is angry, frustrated and depressed. He corroborated that in February 2005, Dr. Olson terminated their relationship and Dr. Baumgartl also discharged him as a patient. He confirmed that at Exhibit 9F/4, he was discharged by Dr. Krames. He substantiated that he is now seen at the Marin Clinic by Dr. Schten. According to claimant, he uses a transcutaneous electrical nerve stimulator (TENS) which helps his pain but he cannot function.

The medical evidence persuades me that claimant has a retained residual functional capacity for no sustained employment on a regular and continuing basis at any exertional level. See Social Security Ruling 96-8p. Claimant has an affective disorder with bipolar disorder, which imposes moderate restriction of daily activities, moderate difficulties in social functioning, marked difficulties in concentration, persistence, or pace, and no episodes of decompensation. This RFC is supported by the treating physicians, MRI evidence, consultative examiners, and the record as a whole. In 1999, a record from Marin General Hospital showed that claimant had cervical strain and back strain and was a motor vehicle accident victim. Exhibit 10F/11. Treating orthopedic surgeon Halbrecht concluded that based on an MRI scan, claimant had an interarticular derangement of the shoulder and would be off work. Exhibit 4F/1. In treating neurosurgeon Andrews' opinion, claimant's cervical and lumbar pain from the motor vehicle accident would be permanent and he was "disabled" from his occupation of a carpenter. Exhibit 27F/37. In 2002, MRIs revealed that claimant had a large left disk protrusion at C5-6 and degenerative disk disease at C6-7 and of the lumbar spine. Exhibit 11F/2. Treating physician Glodowski diagnosed claimant with cervical and lumbar disk disease. Exhibit 13F/10. By 2004, neurological consultative examiner Nicholas believed that claimant could lift 10 pounds occasionally or frequently, stand or walk for two hours, and "sit for six hours or less" during an eight-hour workday. Exhibits 14F/5-14F/6. Psychiatric consultative examiner Lampe concluded that due to his hypomanic state claimant could not relate with supervisors and coworkers, might have difficulty with dealing with the public, and could not withstand the stress of an eight-hour workday. Exhibits 15F/3-15F/4. According to treating physician Olson, claimant was "disabled" from gainful employment due to severe lumbar disc disease. Exhibit 27F/21. Treating physician Schten diagnosed claimant with cervical disc disease, lumbosacral spine disc disease, cervical and lumbar radiculopathies, history of rotator cuff tear, and multiple pain medication side effects. Exhibit 28F/2. I find claimant has been precluded from sustained employment at any exertional level at all times throughout the period in question.

Claimant's subjective complaints have been evaluated according to 20 C.F.R. §§ 404.1529(c) and 416.929(c) and Social Security Ruling 96-7p. I find that claimant has medically determinable impairments that are likely to produce the symptoms about which he complains. Claimant has received significant medical treatment for his condition from specialists in the fields of orthopedic surgery and neurosurgery. Exhibits 4F/1 and 27F/37. Claimant takes several

John B. Pirog (480-60-399⸍ ⸜                                      ⸝  Page 5 of 6

prescription medications, which produce side effects, including inability to sleep at night. Exhibits 9E and 28F/2. Claimant testified that he uses a TENS, which helps his pain, but he cannot function. Claimant has a history of steady employment prior to his motor vehicle accident in December 1999. Exhibits 3D and 5E. I find that claimant's subjective complaints as to the nature and extent of his impairments are fully credible. Claimant's pain, anger and bipolar disorder apparently account for his being "dismissed" as a patient by numerous doctors. Exhibits 6F/4, 9F/4 and 27F/2. This does not undermine his credibility with respect to physical symptoms or impairments.

I reject the May 25, 2004, June 16, 2004 and September 28, 2004 opinions of the state agency medical consultants that claimant can do sedentary work with no pushing or pulling with the left hand, occasional climbing, stooping, kneeling, crouching or crawling, and occasional reaching overhead with the left upper extremity and is moderately limited in the ability to understand, remember and carry out detailed instructions, maintain concentration, complete a normal workday, interact with the public, and get along with coworkers. Exhibits 16F/2-16F/4 and 17F/1-17/2. The physicians did not have access to the additional medical evidence concerning treatment in 2005, documenting the seriousness and persistence of claimant's cervical disc disease, lumbosacral spine disc disease, cervical and lumbar radiculopathies, history of rotator cuff tear, and bipolar disorder. In addition, they did not have an opportunity to hear claimant's credible testimony, which supports the RFC that I have assigned.

Based on an RFC for no sustained employment, I find claimant is not able to do any of his past relevant work. The burden shifts to the Commissioner to show that there are alternative jobs claimant could be expected to perform considering his vocational profile and RFC. Based on his RFC, I conclude there are no jobs that exist in significant numbers in the national economy that claimant could be expected to perform and the Commissioner has not met her burden of proof. Accordingly, I find claimant has been disabled since December 20, 1999, his alleged onset date, and disability has continued at least through the date of this decision.

<u>FINDINGS</u>

After consideration of the entire record, I make the following findings of fact and conclusions of law:

1.    Claimant met the disability insured status requirements of the Act on December 20, 1999, the date he stated he became unable to work.

2.    Claimant has not performed SGA since December 20, 1999, his alleged onset date.

3.    The medical evidence establishes that claimant has a combination of impairments that is severe, including cervical disc disease, lumbosacral spine disc disease, cervical and lumbar radiculopathies, history of rotator cuff tear, and bipolar disorder.

4.    Claimant's severe impairments do not meet or equal any listed impairment of Appendix 1, Subpart P of Social Security Administration Regulation No. 4.

11

5.    Claimant's subjective complaints are consistent with the medical evidence of record
      and are credible.

6.    Claimant has an RFC for no sustained employment on a regular and continuing basis
      at any exertional level. See SSR 96-8p.

7.    Claimant does not retain the RFC to perform his past relevant work.

8.    Based upon claimant's RFC and vocational factors, there are no jobs existing in
      significant numbers within the national economy that he can perform.

9.    Pursuant to 20 C.F.R. §§ 404.1520(g) and 416.920(g), claimant has been under a
      disability, as that term is defined in the Social Security Act, as amended, since
      December 20, 1999.

## DECISION

It is my decision that, based on the application filed on March 23, 2000, claimant is entitled to a
period of disability commencing December 20, 1999, and to disability insurance benefits under
sections 216(i) and 223, respectively, of the Social Security Act.

It is my decision that, based upon the application for SSI benefits filed on November 19, 2003,
claimant is "disabled" as defined in Section 1614(a)(3)(A) of the Social Security Act, and
eligible to receive SSI benefits as of November 19, 2003, provided that he also satisfies the
nondisability eligibility requirements set forth in Title XVI of the Social Security Act. The
component of the Social Security Administration responsible for authorizing SSI payments will
determine if claimant satisfies the nondisability eligibility criteria under Section 1614(a)(3)(A) of
the Act.

James M. Kaplan
U.S. Administrative Law Judge

SEP 2 3 2005

_____
Date

JMK/cy/drb

12

filed"
12-13-05
S. Rafael                                              Today is
                                    ~~Dec 13, 05~~
Dear Council,                       Dec 13, 05 /BP

        Please know that I requested, in
writing, that my Attorney file an appeal/review
regarding the omission of award of
SSI benefits for claim #1 filed March
2000) on ~~Sept. 6~~ November 10, 2005
(his receipt of my certified letter mailed
Nov. 9, 2005); after repeated contacts
with his staff, they refused to file
an appeal/review. After speaking with
my local Social Security office (Office
Manager- Miss Richardson), the omission
of retroactive SSI benefits for claim #1 (filed
March 2000) was made-clear and that
a positive review (award) for these retro.
benefits would help me financially.
Please honor my request to review
Judge Kaplan's Disability decision
and restore the badly needed
SSI benefits I filed for, almost
6 years ago. Thank you.
                        Sincerely,


                        John B. Plrog

13

MAY-20-2008  23:14        SSA,ODAR,OAO,CAB 1          917036057501      P.19

12-15-05   Page 19

SOCIAL SECURITY ADMINISTRATION/OFFICE  EARINGS AND APPEALS

Form Approved
OMB No. 0960-0277

## REQUEST FOR REVIEW OF HEARING DECISION/ORDER
*(Take or mail original and all copies to your local Social Security office)*

See Privacy Act
Notice on Reserve

**1. CLAIMANT**  John B Pirog

**2. WAGE EARNER, IF DIFFERENT**

**3. SOCIAL SECURITY CLAIM NUMBER**  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

**4. SPOUSE'S NAME AND SOCIAL SECURITY NUMBER.**
*(Complete ONLY in Supplemental Security Income Case)*

**5. I request that the Appeals Council review the Administrative Law Judge's action on the above claim because:**

Retroactive SSI Benefits for Claim #(filed March 2000) were not awarded.

### ADDITIONAL EVIDENCE

If you have additional evidence, submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now. If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now. If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record.

**IMPORTANT:** Write your Social Security Claim Number on any letter or material you send us.

**SIGNATURE BLOCKS:** You should complete No. 6 and your representative (if any) should complete No. 7. If you are represented and your representative is not available to complete this form, you should print his or her name, address, etc, in No. 7.

**DATE**  December 13, 2005

☐ ATTORNEY    ☒ NON-ATTORNEY

**6. CLAIMANT'S SIGNATURE**

**7. REPRESENTATIVE'S SIGNATURE**

**PRINT NAME**  John B Pirog

**PRINT NAME**

**ADDRESS**  101 Roblar Dr. Ste D

**ADDRESS**

**(CITY, STATE, ZIP CODE)**  Novato, CA 94949

**(CITY, STATE, ZIP CODE)**

**TELEPHONE NUMBER (INCLUDE AREA CODE)**  415 302-6407

**TELEPHONE NUMBER**  (   )

**FAX NUMBER (INCLUDE AREA CODE)**  (   )

### THE SOCIAL SECURITY ADMINISTRATION STAFF WILL COMPLETE THIS PART

8. Request received for the Social Security Administration on _____ by: _____

(Title)              (Address)                    Servicing FO Code          PC Code

✗ 9. Is the request for review received within 65 days of the ALJ's Decision/Dismissal?    Yes ☐    No ☒

10. If no checked: (1) attach claimant's explanation for delay; and (2) attach copy of appointment notice, letter or other pertinent material or information in the Social Security Office.  *Please see explanation of delay attached*

11. Check one.
☒ Initial Entitlement
☐ Termination or other

12. Check all claim types that apply
☐ Retirement or survivors     (RSI)
☐ Disability—Worker           (DIWC)
☐ Disability—Widow(er)        (DIWW)
☐ Disability—Child            (DIWC)
☐ SSI Aged                    (SSIA)
☐ SSI Blind                   (SSIB)
☒ SSI Disability              (SSID)
☐ Health Insurance-Part A     (HIA)
☐ Health Insurance-Part B     (HIB)
☐ Other—Specify.

APPEALS COUNCIL
OFFICE OF HEARINGS AND APPEALS, SSA
5107 Leesburg Pike
FALLS CHURCH, VA 22041 - 3255

EXHIBIT 2-1

Form HA-520-U5 (12-95)
Issue Old Stock

CLAIMANT

MAY-20-2008  23:14       SSA,ODAR,OAO,CAB 1            917036057501    P.21



**SOCIAL SECURITY ADMINISTRATION**

**Refer to: TLC**
**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**

Office of Disability Adjudication
and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (703) 605-8000
Date:    **FEB 2 6 2008**

## NOTICE OF ORDER OF APPEALS COUNCIL
## DISMISSING REQUEST FOR REVIEW

JOHN B. PIROG
C/O GENERAL DELIVERY MAIL P/U
NOVATO CA  94949

### What This Order Means

We have dismissed your request for review.  In the enclosed order, we explain why we did this.

Under our rules, the dismissal of a request for review is final and not subject to further review.

### If You Have Any Questions

If you have any questions, you may call, write, or visit any Social Security office.  If you do call or visit an office, please have this notice with you.  The telephone number of the local office that serves your area is 415-459-9850.  Its address is:

SOCIAL SECURITY
1001 LOOTENS PLACE
3RD FLOOR
SAN RAFAEL, CA 94901

Robert Goldberg
Administrative Appeals Judge

cc:
RICHARD WHITAKER
P.O. BOX 48
FAIRFIELD, CA 94533



EXHIBIT
3                    1

## SOCIAL SECURITY ADMINISTRATION
### OFFICE OF DISABILITY ADJUDICATION AND REVIEW

## ORDER OF APPEALS COUNCIL

| | |
|---|---|
| **In the case of** | **Claim for** |
| | Period of Disability and |
| | Disability Insurance Benefits |
| JOHN B. PIROG | Supplemental Security Income |
| (Claimant) | |

| | |
|---|---|
| | 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 |
| (Wage Earner) | (Social Security Number) |
| (Leave blank if same as above) | |

This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on September 23, 2005. The request for review filed on December 13, 2005, was not filed within 60 days from the date notice of the decision was received as required by 20 CFR 404.968(a) and 416.1468(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.

The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 404.971 and 416.1471). The time period will be extended if good cause is shown for missing the deadline (20 CFR 404.968(b) and 416.1468(b)).

The claimant has not provided any reason as to why the request for review was not filed within 60 days of the date notice of the decision was received.

The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

The claimant's letter is actually a request for reopening of a prior Supplemental Security Income denial. The Administrative Law Judge issued a fully favorable decision finding the claimant disabled effective December 20, 1999 based on applications filed on November 19, 2003. The Administrative Law Judge reopened a prior Title II denial as the prior initial determination was within four years of the current application. However, the Administrative Law Judge made no mention of the prior application for Supplemental Security Income benefits, which was filed on March 23, 2000.

2

JOHN B. PIROG (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)                                Page 2 of 2

The time limit for reopening a decision on a claim for Supplemental Security Income is two years from the date of the notice of the initial determination. The current application was filed on November 19, 2003, which is more than two years after the prior initial determination dated June 7, 2000. This means that we can not reopen the prior determination on the claim for Supplemental Security Income because the time limit has expired. Under our rules, the claimant does not have the right to appeal our denial of his request for reopening.

Notice of this action is hereby given by mailing a copy to the claimant and the representative.

APPEALS COUNCIL

Robert M. Goldberg
Administrative Appeals Judge

ORIGINAL SIGNED BY
Robert Goldberg
Administrative Appeals Judge

Date:

Claimant's Name and Address:
JOHN B. PIROG
C/O GENERAL DELIVERY MAIL P/U
NOVATO CA  94949

Representative's Name and Address:
RICHARD WHITAKER
P.O. BOX 48
FAIRFIELD, CA 94533

*3*

1    JOSEPH P. RUSSONIELLO, CSBN 44332
     United States Attorney
2    LUCILLE GONZALES MEIS, SBN CO 15153
     Regional Chief Counsel, Region IX
3    ELIZABETH FIRER, SBN WI 1034148
     Special Assistant United States Attorney
4

5    333 Market Street, Suite 1500
     San Francisco, California 94105
     Telephone: (415) 977-8937
6    Facsimile: (415) 744-0134
     Email: Elizabeth.Firer@ssa.gov
7

8    Attorneys for Defendant

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

11    JOHN B. PIROG,

                          )

12            Plaintiff,      )

                          )

13        v.                 )

                          )

14    MICHAEL J. ASTRUE,      )

     Commissioner of         )

15    Social Security,         )

                          )

16           Defendant.     )

CIVIL NO. C-08-2093 SBA

DEFENDANT'S MOTION AND
MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS UNDER FED.R.CIV.P. 12(b)(1)
FOR LACK OF JURISDICTION

## I. INTRODUCTION

     The above-captioned Social Security action is covered by Civil L.R. 16-5, and as such, it is submitted on the papers without oral argument.

## II. ISSUE

     Whether this Court should dismiss Plaintiff's claim under Fed.R.Civ.P 12(b)(1), lack of jurisdiction, because Plaintiff has not received a "final" agency decision subject to judicial review.

## III. STATEMENT OF THE CASE

     In June 2000, Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under titles II and XVI of the Social Security Act (Declaration of Dennis V. Ford with attached Exhibits 1-3, Declaration at 3, ¶ (5)(a)) (hereinafter "Declaration" or "Exhibit _"). Plaintiffs applications were denied initially and upon reconsideration in June and August 2000 and no further appeal was taken on either application (Declaration at 3, ¶ (5)(a).

EXHIBIT 41

1    On November 19, 2003, Plaintiff filed subsequent applications for DIB and SSI (Declaration at 3-

2    4, ¶ (5)(b)).  Plaintiff alleged disability since December 20, 1999 (Exhibit 1 at 7-8).  Plaintiff's

3    subsequent applications were ultimately granted by an Administrative Law Judge (ALJ) in an order

4    issued September 23, 2005 (Declaration at 4, ¶ (5)(b); Exhibit 1 at 1-3, 7-12).  In his order, the ALJ

5    reopened Plaintiff's prior DIB application, noting that it was within the regulatory four-year period to

6    reopen for good cause, and Plaintiff had submitted new and material evidence satisfying the good cause

7    standard (Declaration at 4, ¶ (5)(b); Exhibit 1 at 7-8).  The ALJ did not reopen Plaintiff's prior SSI

8    application (Declaration at  4, ¶ (5)(b); see also Exhibit 1 at 12, Exhibit 3 at 2).  The notice of decision

9    included in the ALJ's order advised Plaintiff that, if he disagreed with the decision, he must file a

10    request for review within 60 days of the date he received the decision (Declaration at 4, ¶ (5)(b); Exhibit

11    1 at 1-2).

12    Plaintiff did not file a request for Appeals Council review of the ALJ's decision until December

13    13, 2005 (Declaration at 4, ¶ (5)(c); Exhibit 2).

14    On February 26, 2008, the Appeals Council dismissed Plaintiff's request for review (Declaration at

15    4, ¶ (5)d); Exhibit 3).  In its notice of dismissal, the Appeals Council advised Plaintiff that its action was

16    "not subject to further review" (Exhibit 3 at 1).  The Appeals Council also explained that Plaintiff's

17    request for review was "actually a request for reopening of a prior [SSI] denial" (Exhibit 3 at 2; see also

18    Exhibit 2).  The Appeals Council explained that the time for reopening an SSI application is two years

19    from the notice of the initial determination and that Plaintiff's subsequent SSI application was filed

20    beyond this time period and thus could not be reopened (Exhibit 3 at 3).  The Appeals Council also

21    asserted that Plaintiff "does not have the right to appeal our denial of his request for reopening" (Id.).

22    On April 22, 2008, Plaintiff filed the instant action in federal district court (Declaration at 4, ¶

23    (5)(e)).  In his complaint, Plaintiff alleged he was seeking review of a claim for "SSI (March 2000 to

24    Nov 19, 03") (Complaint at 2).

25    Plaintiff filed another complaint in federal court on the same day, which is case number C-08-2094

26    WHA (Exhibit 4).  In that complaint, Plaintiff alleged he was seeking review of "Atty. Fee

27    Readjustment" (Exhibit 4 at 2).  The Commissioner will file a motion to dismiss filed in case number C-

28    08-2094.

IV. ARGUMENT

Because Plaintiff has not received a final, agency decision subject to judicial review, his complaint must be dismissed under Fed.R.Civ.P 12(b)1). In regard to his two DIB applications, Plaintiff has received a fully favorable decision, _i.e._, the ALJ reopened Plaintiff's prior application and granted benefits commencing on Plaintiff's December 20, 1999 alleged onset date. To the extent Plaintiff is attempting to obtain judicial review in regard to his SSI applications, Plaintiff did not seek timely Appeals Council review and, as the Appeals Council noted, Plaintiff's prior SSI application could not be reopened as it was beyond the regulatory time period. Neither the Appeals Council's dismissal of Plaintiff's untimely request for review nor the Agency's refusal to reopen a prior application are final Agency actions subject to judicial review.

**This Court Has No Jurisdiction Under 42 U.S.C. § 405(g) to Review Any Action of the Commissioner Unless There Has Been a "Final Decision Made After a Hearing."**

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Hercules Inc. v. United States, 516 U.S. 417, 422 (1996) (quoting United States v. Testan, 424 U.S. 392, 399 (1976), and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)). Conditions on the waiver of sovereign immunity must be strictly construed in favor of immunity. Lane v. Pena, 518 U.S. 187, 192 (1996); Bowen v. City of New York, 476 U.S. 467, 479 (1986).

Judicial review of the final decisions on claims arising under Titles II and XVI of the Social Security Act is provided for and limited by sections 205(g) and (h):

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> * * *
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on many claims arising under this title.

42 U.S.C. §§ 405(g) and (h) (emphasis added); see also 42 U.S.C. § 1383(c)(3) (applying Title II review

3

1  process to Title XVI). It is clear from these provisions of the Social Security Act that the only civil

2  action permitted on any claim arising under Titles II and XVI is an action to review the "final decision of

3  the [Commissioner] made after a hearing." <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977). The term

4  "final decision" is undefined in the Social Security Act, but "its meaning is left to the [Commissioner]

5  to flesh out by regulations." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975). Under the Act, the

6  authority to determine what constitutes a "final decision" rests with the Commissioner since he has

7  ultimate responsibility for the integrity of the administrative program. <u>Mathews v. Eldridge</u>, 424 U.S.

8  319, 330 (1976).

9      The Act and the Commissioner's implementing regulations provide the procedural framework for

10  seeking administrative and judicial review of disability claims. Congress has directed that the

11  determination whether an individual is under a disability shall be made in the first instance by a State

12  agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner.

13  42 U.S.C. §§ 421(a), 1383b(a). If the State agency determines that the claimant is not disabled, he may

14  request a de novo reconsideration by the State agency. The claimant is informed that he must request

15  reconsideration within 60 days of his receipt of the adverse initial determination, 20 C.F.R. §§ 404.904,

16  404.909(a)(1), 416.1404, 416.1409(a)(1), and that determination becomes binding upon him if he does

17  not do so. 20 C.F.R. §§ 404.905, 416.1405. The date of receipt is presumed to be five days after the

18  date of such notice, unless there is a reasonable showing to the contrary. <u>See</u> 20 C.F.R. §§ 404.901,

19  416.1401, 422.210(c).

20      If the claimant is dissatisfied with the State agency's decision after reconsideration, he "shall be

21  entitled to a hearing thereon by the Commissioner of Social Security." 42 U.S.C. §§ 421(d), 1383(c)(1).

22  The Social Security Act requires, and the claimant is notified, that he must request a hearing before an

23  ALJ within 60 days of his receipt of the State agency's reconsideration decision. 42 U.S.C. §§

24  405(b)(1), 1381c(1). The latter decision is binding upon the claimant if he does not timely request an

25  ALJ hearing. 20 C.F.R. §§ 404.920, 404.921(a), 404.933(b), 416.1420, 416.1421(a), 416.1433(b). If the

26  ALJ's decision is adverse to the claimant, he then may seek review by the Appeals Council. If a

27  claimant does not request such review within 60 days, the adverse ALJ decision is binding. 20 C.F.R. §§

28  404.955(a), 404.968(a)(1), 416.1455(a), 416.1468(a)(1). The claimant is informed that he must seek

1  Appeals Council review within 60 days.  It is only after the Appeals Council has denied review, or has

2  granted review and issued its own decision, that the Commissioner  has rendered a "final decision" on

3  the claim for benefits, which then is subject to judicial review pursuant to 42 U.S.C. §§ 405(g),

4  1383(c)(3).  If the Appeals Council dismisses a request for review as untimely, that dismissal is "binding

5  and not subject to further review."  20 C.F.R. §§ 404.972, 416.1472.

6       The Commissioner has expressly set forth administrative actions that are not initial

7  determinations subject to the administrative process outlined above.  Consequently, "they are not subject

8  to judicial review."  20 C.F.R. §§ 404.903, 416.1403.  Notably, "[d]enying [a] request to extend the time

9  period for requesting review of a determination or decision" is not an administrative action subject to

10 judicial review, 20 C.F.R. §§ 404.903(j), 416.1403(j), nor is "[d]enying [a] request to reopen a

11 determination or a decision" is not an administrative action subject to judicial review, 20 C.F.R. §§

12 404.903(l), 416.1403(l).

13      Here, Plaintiff failed to timely seek Appeals Council review of the ALJ's September 2005

14 hearing decision.  His untimely request for review was dismissed because he failed to present any

15 evidence of "good cause" for his failure to seek a timely request (Exhibit 3 at 2).  The Appeals Council's

16 dismissal of Plaintiff's untimely request for review of the ALJ's decision is not subject to judicial

17 review.  20 C.F.R. §§ 404.903(j), 404.972, 416.1403(j), 416.1472.  Accordingly, Plaintiff did not

18 received a "final decision . . . made after a hearing."  Califano v. Sanders, 430 U.S. at 108.  Because

19 Plaintiff has received no final decision, he is not entitled to judicial review under 42 U.S.C. § 405(g),

20 and this Court has no jurisdiction to entertain Plaintiff's claim.

21      Additionally, even though it is clear that Plaintiff is not entitled to judicial review because he

22 failed to seek timely Appeals Council review of the ALJ's favorable decision, the basis upon which

23 Plaintiff belatedly sought Appeals Council review, the fact that the ALJ did not reopen his prior SSI

24 claim (Exhibit 2), is also an administrative action that is expressly precluded from judicial review.  20

25 C.F.R. §§ 404.903(l), 416.1403(l); see also Exhibit 3 at 2-3.  Plaintiff filed his first SSI application in

26 March 2000 and it was initially denied in June 2000, and he did not file a second SSI application until

27 November 2003 (Declaration at 3-4, ¶¶ (5)(a), (b)).  As the Appeals Council noted, reopening of an SSI

28 application is only permissible within two years of the initial denial (Exhibit 3 at 3).  20 C.F.R. §

1  416.1488 (conditions for reopening SSI application are limited to within 12 months of the initial

2  determination "for any reason;" within two years of the initial determination only for "good cause;" and

3  "at any time" if the initial determination was obtained by "fraud or similar fault").

4                                    V.  <u>CONCLUSION</u>

5       Because there has been no "final decision" within the meaning of the Social Security Act, the

6  Commissioner respectfully requests that his motion to dismiss be granted.

7                                    Respectfully submitted,

8                                    JOSEPH P. RUSSONIELLO
                                     United States Attorney

9  Dated:  August 4, 2008         By    <u>*/s/Elizabeth Firer*</u>
10                                   ELIZABETH FIRER
                                     Special Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

FILED

08 APR 22 AM 11: 50

*John B. Pirog*

Name of Attorney for Plaintiff/Name of Plaintiff (if pro se)

*C/o: General Delivery Mail Pick Up*

Address

*Novato, CA. 94949*

*(415) 375-1331*

Telephone Number

*No Fax #*

Facsimile Number

E-filing

*N/A*

State Bar Number of Attorney

EDL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*John B. Pirog*

Plaintiff,

v.

*Michael J. Astrue,*

Commissioner of Social Security,

Defendant.

) ) ) ) ) ) ) ) ) )

CV 08 2093

Case No. _____

**COMPLAINT FOR JUDICIAL REVIEW OF DECISION OF COMMISSIONER OF SOCIAL SECURITY**
(Administrative Procedure Act Case)

The above-named plaintiff makes the following representations to this court for the purpose of obtaining judicial review of a decision of the defendant adverse to the plaintiff:

1.    The plaintiff is a resident of _*Novato*_ ,

City

_*California*_ .

State

2.    The plaintiff complains of a decision which adversely affect the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for purpose of judicial review and bears the following caption:

///

///

///

COMPLAINT                                    - 1 -

EXHIBIT 1

In the case of:

John B. Perog
Claimant

_____
Wage Earner (Leave blank if same as above)

Claim for:

SSI (March 2000 to Nov 9,0
Type of Benefit

3992
Last Four Digits of Social Security Number

3.    The plaintiff has exhausted administrative remedies in this matter and this court has jurisdiction pursuant to Title 42, U.S.C. §405(g).

WHEREFORE, the plaintiff seeks judicial review by this court and the entry of judgment for such relief as may be proper, including costs.

DATE: April 22, 2008

_____
Signature of Attorney or Plaintiff Appearing Pro Se

N:\DOCS\INTAKE\CIVIL\SocSecComplaintForm.wpd

COMPLAINT                    - 2 -